UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x
YI XIANG, Individually and on Behalf of All : Civil Action No. 1:16-cv-04923-VM
Others Similarly Situated, : **(Consolidated)**
:
:
Plaintiff, : <u>CLASS ACTION</u>
:
:
vs. : JOINT RULE 26(f) REPORT AND
: DISCOVERY PLAN
INOVALON HOLDINGS, INC., et al., :
:
Defendants. :
:
———————————————————————— x

1282049_2

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel for the parties met and conferred on June 23, 2017 and thereafter and respectfully submit this report and discovery plan. The following chart sets forth the parties' proposals for a pre-trial schedule (the "Schedule").[1]

| EVENT | DATE |
| --- | --- |
| Initial Disclosures | July 28, 2017 |
| Answer | July 11, 2017 |
| Stipulated Protective Order | TBD |
| Class Certification Motion (including expert reports, if any) | November 30, 2017 |
| Class Certification Opposition (including expert reports, if any) | January 30, 2018 |
| Class Certification Reply | February 28, 2018 |
| Class Certification Hearing | TBD |
| Substantial Completion of Document Discovery | April 30, 2018 |
| Fact Discovery Deadline | June 30, 2018 |
| Expert Disclosures (if any) | November 30, 2018 |
| Rebuttal Expert Disclosures (if any) | January 30, 2019 |
| Expert Depositions (if any) | December 2018 – February 2019 |
| Summary Judgment and *Daubert* Motions | TBD |
| Hearing on Summary Judgment and *Daubert* Motions | TBD |
| Pretrial Conference | TBD |
| Trial | TBD |

**I.      DISCOVERY**

      **A.      Scope of Discovery**

The parties anticipate discovery on a number of issues, including the claims pled in the Consolidated Complaint (Dkt. No. 66) ("Consolidated Complaint"), class certification, any damages or other remedies sought, and any claims or defenses pled in Defendants' answers. Lead Plaintiff

---

[1] Defendants' motion for reconsideration remains pending, as does their request for a pre-motion conference concerning a motion to certify an interlocutory appeal. Defendants do not waive, and respectfully reserve their right to argue that discovery remains stayed during the pendency of the motion for reconsideration and certification of an appeal, and/or seek a stay of discovery, as appropriate.

also anticipates potential third-party discovery, including potential discovery from market analysts, auditors, or government agencies. All parties reserve their rights to object to any requests for discovery.

**B.     Initial Disclosures**

The parties have agreed that initial disclosures shall be made on or before July 28, 2017, per the Schedule.

**C.     Discovery Limitations**

**1.     Number of Depositions**

Lead Plaintiff's Position: Given the complexity of this action, the number of Defendants, and the likely number of third-party witnesses, Lead Plaintiff believes the default number of fact depositions imposed by the federal and local rules should be increased to a maximum of 30 per side (plus experts). The defaults set by the federal and local rules are designed and intended for typical, two-party actions, not complex securities class actions like this. In this action, there are twelve (12) named Defendants, all with potentially unique defenses. There are four (4) additional underwriters of the IPO. There are also numerous analysts and auditors, as well as federal, state, and municipal agencies, all alleged in the Consolidated Complaint and likely to have relevant information going to the heart of this action. Those categories alone could warrant 30 depositions, and Defendants' as yet unserved initial disclosures will no doubt identify even more individuals with relevant information. Lead Plaintiff believes agreeing to this modest increase here will avoid foreseeable but needless motion practice, thereby conserving judicial and party resources.

Defendants' Position: The Defendants believe that the initial presumptive limit of ten (10) depositions per side as provided in the Federal Rules of Civil Procedure should apply at this stage.

They are certainly willing to meet and confer at a later date on whether any further increase in the number of fact depositions is reasonable or necessary.

### 2. Interrogatories

The parties agree that Rule 33 of the Federal Rules of Civil Procedure and Local Rule 33.3 shall govern the number and scope of interrogatories in this action. As permitted by the Federal Rules of Civil Procedure, additional interrogatories may be granted by further order of the Court or by stipulation.

### 3. Electronically Stored Information

The parties have discussed issues concerning preservation and discovery of electronically stored information ("ESI") and anticipate agreeing to an appropriate searchable format and production protocol.

### 4. Fact Discovery Cut-Off

The parties agree that fact discovery shall close as provided in the Schedule, subject to further agreement of the parties or order of the Court.

### 5. Expert Discovery

Reports from Lead Plaintiff's and Defendants' retained experts shall be served as provided in the Schedule, along with all disclosures required by Rule 26(a)(2) of the Federal Rules of Civil Procedure.

### 6. Protective Order

The parties believe that a stipulated protective order should be entered to govern the exchange of confidential information in this action. The parties agree to meet and confer to reach an agreement on the scope of a proposed stipulated protective order for submission to the Court.

II.   OTHER ITEMS

    A.   **Alternative Dispute Resolution**

The parties have discussed options for alternative dispute resolution. If and when appropriate at a later stage of the litigation, the parties intend to pursue private mediation.

| | |
|---|---|
| DATED:  July 7, 2017 | ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>SHAWN A. WILLIAMS<br>DAVID W. HALL |

                                                                             s/David W. Hall
                                                                        DAVID W. HALL

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dhall@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARY K. BLASY
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
mblasy@rgrdlaw.com

Lead Counsel for Plaintiffs

                        SULLIVAN, WARD, ASHER & PATTON, P.C.
MICHAEL J. ASHER
1000 Maccabees Center
25800 Northwestern Highway
Southfield, MI  48075-1000
Telephone:  248/746-0700
248/746-2760 (fax)

Additional Counsel for Plaintiffs

DATED:  July 7, 2017         DLA PIPER (US)
JOHN J. CLARKE, JR.
MARC A. SILVERMAN


                              s/John J. Clarke, Jr.
                              JOHN J. CLARKE, JR.

12351 Avenue of the Americas
New York, NY  10020
Telephone:  212/335-4500
212/335-4501 (fax)

Attorneys for Defendants Citigroup Global Markets Inc., Goldman Sachs & Co. LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Morgan Stanley & Co. LLC, UBS Securities LLC

DATED:  July 7, 2017         SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
SUSAN L. SALTZSTEIN
JAMES R. CARROLL


                              s/James R. Carroll
                              JAMES R. CARROLL

Four Times Square
New York, NY  10036
Telephone:  212/735-3000
212/735-2000 (fax)

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
JAMES R. CARROLL
500 Boylston Street
Boston, MA  02116
Telephone: 617/573-4800

Attorneys for Defendants Inovalon Holdings, Inc., Keith R. Dunleavy, Thomas R. Kloster, Denise K. Fletcher, André S. Hoffmann, Lee D. Roberts, and William J. Teuber Jr.

CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on July 7, 2017.

s/David W. Hall<br>
DAVID W. HALL

ROBBINS GELLER RUDMAN
 & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
E-mail:dhall@rgrdlaw.com

1282049_2

**Mailing Information for a Case 1:16-cv-04923-VM Xiang v. Inovalon Holdings, Inc. et al**

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **James R. Carroll**
  james.carroll@skadden.com,tholden@skadden.com,mlcbos@skadden.com

- **John J. Clarke , Jr**
  john.clarke@dlapiper.com,DocketingNewYork@dlapiper.com

- **David W. Hall**
  dhall@rgrdlaw.com

- **William Scott Holleman**
  ScottH@johnsonandweaver.com,paralegal@johnsonandweaver.com,michaelf@johnsonandweaver.com

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com,abarbosa@pomlaw.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com,jsnematzadeh@pomlaw.com

- **Hugh Jewett Marbury**
  hugh.marbury@dlapiper.com,DocketingNewYork@dlapiper.com,new-york-docketing-7871@ecf.pacerpro.com,hugh--marbury-2723@ecf.pacerpro.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,shawnw@rgrdlaw.com,dhall@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com,inavarrete@rgrdlaw.com

- **Susan Leslie Saltzstein**
  ssaltzst@skadden.com

- **Marc Aaron Silverman**
  marc.silverman@dlapiper.com,DocketingNewYork@dlapiper.com,marcasilverman@gmail.com,new-york-docketing-7871@ecf.pacerpro.com,marc-silverman-6035@ecf.pacerpro.com

- **Shawn Anthony Williams**
  swilliams@rgrdlaw.com,aelishb@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`