USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____ 3/
DATE FILED: ___/_11/_19_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

YI XIANG, Individually and on Behalf of All
Others Similarly Situated,

                     Plaintiff,

      vs.

INOVALON HOLDINGS, INC., KEITH R.
DUNLEAVY, THOMAS R. KLOSTER,
DENISE K. FLETCHER, ANDRÉ S.
HOFFMANN, LEE D. ROBERTS, WILLIAM
J. TEUBER JR., GOLDMAN SACHS & CO.,
MORGAN STANLEY & CO. LLC,
CITIGROUP GLOBAL MARKETS INC.,
MERRILL LYNCH, PIERCE, FENNER &
SMITH, INCORPORATED and UBS
SECURITIES LLC,

                     Defendants.

———————————————————— x

Civil Action No. 1:16-cv-04923-VM-KNF
**(Consolidated)**

<u>CLASS ACTION</u>

           ORDER PRELIMINARILY
APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE

Case 1:16-cv-04923-VM-KNF Document 174 Filed 03/06/19 Page 2 of 12

WHEREAS, an action pending before this Court is styled *Xiang v. Inovalon Holdings, Inc., et al.*, No. 1:16-cv-04923-VM-KNF (S.D.N.Y.) (the "Litigation");

WHEREAS, Lead Plaintiff having made a motion, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement, dated February 19, 2019 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation between the Settling Parties and for dismissal of the Litigation against the Released Defendant Parties with prejudice upon the terms and conditions set forth therein; and the Court having read and considered (1) the motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith, and (2) the Stipulation and the Exhibits annexed thereto;

WHEREAS, the Settling Parties having consented to the entry of this Order; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court has reviewed the Stipulation and does hereby preliminarily approve the Stipulation and the Settlement set forth therein as fair, reasonable and adequate, subject to further consideration at the Final Approval Hearing described below.

2.      The Court modifies the class certified in its September 18, 2018 Order to clarify the ending date and provide other technical amendments. The Class shall be defined as all Persons who purchased or otherwise acquired, on or before August 5, 2015, Inovalon common stock. Excluded from the Class are: Defendants, the officers and directors of Inovalon during the Class Period, members of the immediate family of any Individual Defendant and the legal representatives, heirs,

successors or assigns of any of the foregoing, as well as any entity in which Defendants have or had a controlling interest, provided, however, that any "Investment Vehicle" shall not be excluded from the Class. Also excluded from the Class is any Class Member that validly and timely requests exclusion in accordance with the requirements set by the Court.

3.      The Court preliminarily finds that the proposed Settlement should be approved as: (i) it is the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; (iv) there is no substantive deviation from the Class previously certified by the Court; and (v) warranting notice of the proposed Settlement to Class Members and further consideration of the Settlement at the fairness hearing described below.

4.      A hearing shall be held before this Court on _July 12_, 2019, at _10_ a.m. [a date that is one hundred (100) calendar days or more from the date of this Order] (the "Final Approval Hearing"), at the Daniel Patrick Moynihan, United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007, to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class and should be approved by the Court; to determine whether a Judgment as provided in ¶1.15 of the Stipulation should be entered; to determine whether the proposed Plan of Allocation should be approved; to determine the amount of attorneys' fees and expenses that should be awarded to Lead Plaintiff's Counsel; to determine any award to Lead Plaintiff pursuant to 15 U.S.C. §77z-1(a)(4); to hear any objections by Class Members to: (i) the Settlement or Plan of Allocation; (ii) the award of attorneys' fees and expenses to Lead Plaintiff's Counsel; and (iii) the award to Lead Plaintiff pursuant to 15 U.S.C. §77z-1(a)(4); and to consider

- 2 -

Case 1:16-cv-04923-VM-KNF Document 174 Filed 03/06/19 Page 4 of 12

such other matters the Court deems appropriate. The Court may adjourn the Final Approval Hearing without further notice to the Class.

5.  The Court approves the form, substance, and requirements of the Notice of Proposed Settlement of Class Action ("Notice") and Proof of Claim and Release form ("Proof of Claim"), substantially in the forms annexed hereto as Exhibits A-1 and A-2, respectively.

6.  The Court approves the form of the Summary Notice, substantially in the form annexed hereto as Exhibit A-3.

7.  The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

8.  Not later than **April 1**, 2019 [a date twenty-one (21) calendar days after the Court signs and enters this Order] (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and Proof of Claim, substantially in the forms annexed hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on its website at www.InovalonSecuritiesSettlement.com.

9.  Not later than **April 8**, 2019 [a date seven (7) calendar days after the Notice Date], the Claims Administrator shall cause the Summary Notice to be published once in *The Wall Street Journal*, and once over a national newswire service.

10. At least seven (7) calendar days prior to the Final Approval Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

11. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise

- 3 -

acquired shares of Inovalon common stock on or prior to August 5, 2015 as record owners but not as beneficial owners. Such nominee purchasers are directed, within fourteen (14) business days of their receipt of the Notice, to either forward copies of the Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners. Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and Proof of Claim to beneficial owners.

12. The form and content of the notice program described herein and the methods set forth herein for notifying the Class of the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

13. All fees, costs, and expenses incurred in identifying and notifying Members of the Class shall be paid from the Settlement Fund and in no event shall any of the Released Defendant Party bear any responsibility for such fees, costs, or expenses.

14. All Class Members (except Persons who request exclusion pursuant to ¶17 below) shall be bound by all determinations and judgments in the Litigation concerning the Settlement,

- 4 -

1535150_1

including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

15.     Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than _July 30_, 2019 [a date one hundred twenty (120) calendar days from the Notice Date].  Any Class Member who does not submit a Proof of Claim within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.  No person shall have any claim against Lead Plaintiff, Lead Plaintiff's Counsel or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late submitted claims.

16.     Any Member of the Class may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of his, her, or its own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

17.     Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Settlement Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by First-Class Mail, postmarked no later than _June 21_, 2019 [a date twenty-one (21) calendar days prior to the Final Approval Hearing].  A

- 5 -

Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) all of the Person's purchases or acquisitions of Inovalon common stock on or prior to August 5, 2015, including the number of shares of Inovalon common stock purchased or acquired, the dates and the number of those shares sold, and the price received for each such sale; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

18.     The Claims Administrator shall cause to be provided simultaneously to Lead Counsel and Defendants' Counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible.

19.     Any Member of the Class may appear at the Final Approval Hearing and object if he, she, or it has any reason why the proposed Settlement of the Litigation should not be approved as fair, reasonable and adequate, or why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, or why fees, costs, and expenses should not be awarded to Lead Plaintiff's Counsel or Lead Plaintiff; provided, however, that no Class Member or any other Person shall be heard at the Final Approval Hearing or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or any fees and expenses to be awarded to Lead Plaintiff's Counsel or Lead Plaintiff, unless the Person objecting has filed said written objections and copies of any papers and briefs with the Clerk of the United States District Court for the Southern District of New York and mailed copies thereof by first-class mail to Robbins Geller Rudman & Dowd LLP, Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA

- 6 -

Case 1:16-cv-04923-VM-KNF   Document 174   Filed 03/06/19   Page 8 of 12

92101, and Susan L. Saltzstein, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036 no later than *June 21*, 2019 [a date twenty-one (21) calendar days prior to the Final Approval Hearing]. Any Member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, or to the award of fees, costs and expenses to Lead Plaintiff's Counsel or Lead Plaintiff, unless otherwise ordered by the Court. Attendance at the Final Approval Hearing is not necessary. However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of fees, costs, and expenses are required to indicate in their written objection their intention to appear at the hearing and to include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Final Approval Hearing. Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

20.     Any Class Member who does not object to the Settlement and/or the Plan of Allocation, and any Class Member who does not object to Lead Plaintiff's Counsel's application for an award of attorneys' fees and expenses in the manner prescribed herein and in the Notice shall be deemed to have waived such objection, shall be deemed a Class Member and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, this Order and the Judgment to be entered approving the Settlement, the Plan of Allocation and/or the application by Lead Plaintiff's Counsel for an award of attorneys' fees and expenses.

1535150_1

21.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

22.     All papers in support of the Settlement, Plan of Allocation, and any application by Lead Plaintiff's Counsel for attorneys' fees and expenses and payment of costs and expenses to Lead Plaintiff shall be filed and served no later than __June 7__, 2019 [a date thirty-five (35) calendar days prior to the Final Approval Hearing], and any reply papers shall be filed and served no later than __July 5__, 2019 [a date seven (7) calendar days prior to the Final Approval Hearing].

23.     The Released Defendant Parties shall have no responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Plaintiff's Counsel or Lead Plaintiff, and such matters will be considered by the Court separately from the fairness, reasonableness, and adequacy of the Settlement.

24.     At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees and expenses, should be approved. The Court reserves the right to enter the Order and Final Judgment approving the Settlement regardless of whether it has approved the Plan or Allocation or awarded attorneys' fees and/or expenses.

25.     All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiff nor Lead Plaintiff's Counsel nor the Claims Administrator shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶2.10 or 2.12 of the Stipulation.

- 8 -

1535150_1

26.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations, discussions, proceedings connected with it, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement may be construed as an admission or concession by the Defendants or any other Released Defendant Parties of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, or offered or received in evidence, or otherwise used by any person in the Litigation, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, except in connection with any proceeding to enforce the terms of the Stipulation.  The Released Defendant Parties, Lead Plaintiff, Class Members, and each of their counsel may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

27.     All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiff nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any of the Released Defendant Party any action or proceeding in any court or tribunal asserting any of the Released Claims.

28.     The Court reserves the right to alter the time or the date of the Final Approval Hearing without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the

- 9 -

Case 1:16-cv-04923-VM-KNF  Document 174  Filed 03/06/19  Page 11 of 12

Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

29.     If the Settlement fails to become effective as defined in the Stipulation or is terminated, then, in any such event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Order shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Settling Parties, and they shall be deemed to have reverted to their respective litigation positions as of January 17, 2019.

IT IS SO ORDERED.

DATED: _11 March 2019_

THE HONORABLE VICTOR MARRERO
SENIOR UNITED STATES DISTRICT JUDGE

- 10 -

## CERTIFICATE OF SERVICE

I, Daniel J. Pfefferbaum, hereby certify that on March 6, 2019, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice. I further certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 6, 2019, at San Francisco, California.



s/ Daniel J. Pfefferbaum
DANIEL J. PFEFFERBAUM

## INDEX OF EXHIBITS TO [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

| DOCUMENT | EXHIBIT |
|----------|---------|
| Notice of Proposed Settlement of Class Action | A-1 |
| Proof of Claim and Release | A-2 |
| Summary Notice of Proposed Settlement of Class Action | A-3 |